# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| SILVIA CONTRERAS-ZAMBRANO, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )  Case No. 4:15-cv-00889-SGC |
|  | ) |
| SOCIAL SECURITY ADMINISTRAITON, COMMISSIONER, | ) ) ) |
|  | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

The plaintiff, Silvia Contreras-Zambrano, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Plaintiff timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Also pending is Plaintiff's motion to remand. (Doc. 17). For the Reasons that follow, the Commissioner's decision is due to be affirmed, and the motion to remand is due to be denied.

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 16).

I.      FACTS, FRAMEWORK, AND PROCEDURAL HISTORY

Plaintiff was fifty-three years old at the time of the Administrative Law Judge's ("ALJ's") decision, is unable to communicate in English, and has an eighth grade education. (R. 25). Her past work experience include employment as a poultry eviscerator, poultry inspector, and poultry weigher. (R. 54-55). The jobs of poultry inspector and poultry weigher are classified as being semi-skilled. (R. 55). Plaintiff claims she became disabled on January 30, 2012, due to severe degenerative disc disease, asthma, and obesity. (R. 14).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination whether the claimant is performing substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in substantial gainful activity, he or she is not disabled and the evaluation stops. *Id*. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet durational requirements before a claimant will be found disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341

(5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments fall within this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience to determine whether he or she can perform other work. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, he or she is not disabled. *Id.*

Applying the sequential evaluation process, ALJ Jerome L. Munford found Plaintiff had not engaged in SGA since the alleged onset of her disability. (R. 17).

At step two, the ALJ found Plaintiff suffered from the following severe impairments: degenerative disk disease, asthma, and obesity. (R. 17).

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or medically equaling any of the listed impairments. (R. 20). Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with the following limitations: (1) she could only occasionally stoop and crouch; (2) she would be precluded from driving, climbing, and pushing or pulling with her legs; and (3) she would need a temperature and climate controlled environment. (R. 21).

At step four, the ALJ determined Plaintiff was unable to perform any of her past relevant work. (R. 25). Because the Plaintiff's RFC did not allow for the full range of light work, the ALJ relied on the testimony of a vocational expert ("VE") as evidence for finding a significant number of jobs in the national economy Plaintiff can perform. (R. 25-26). The ALJ concluded by finding Plaintiff was not disabled. (R. 26).

## II. STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the

Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its

entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

### III.   DISCUSSION

Plaintiff argues the ALJ's decision should be reversed and remanded for five reasons: (1) the ALJ failed to apply grid rules; (2) the ALJ failed to give proper weight to Plaintiff's treating physicians; (3) the ALJ's finding that Plaintiff was not credible was not based on substantial evidence; (4) the decision is tainted by the ALJ's bias; and (5) the ALJ's decision is not based on substantial evidence. (Doc. 10 at 2). Each contention is addressed in turn. Also addressed below is Plaintiff's motion to remand, which is fully briefed and is ripe for adjudication. (Docs. 17, 21-22).

#### A.   ALJ's Application of Grid Rules

The Eleventh Circuit has held that an ALJ's exclusive reliance on the grids is inappropriate "either when claimant is unable to perform a full range of work at a given functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." *Walker v. Bowen*, 826 F.2d 996, 1002–03 (11th Cir. 1987) (citing *Francis v. Heckler,* 749 F.2d 1562, 1566 (11th Cir.1985)). The grids may be used only when each variable on the appropriate grid accurately

describes the claimant's situation. *Id.* at 1003 (citing *Smith v. Bowen,* 792 F.2d 1547, 1554 (11th Cir.1986)).

Plaintiff contends the ALJ failed to apply Grid Rule 202.09 of the Medical-Vocational Guidelines (the Grids), which provides that a claimant with an RFC for light work is disabled where she: (1) is closely approaching advanced age; (2) is unable to communicate in English; and (3) has an unskilled work history. (Doc. 10 at 13). Here, the ALJ could not rely exclusively on the grids because Plaintiff's RFC did not provide for the full range of light work. (*See* R. 21, 26). Additionally, as noted by the Commissioner, Grid Rule 202.09 applies to individuals with unskilled past relevant work. (*See* Doc. 13 at 17). Because Plaintiff's past relevant work includes semi-skilled jobs, she did not meet the requirements to rely exclusively upon Grid Rule 202.09. *See Walker*, 826 F.2d at 1003. Accordingly, the ALJ did not err in this respect.

### B. Treating Physician's Opinion

The opinion of a claimant's treating physician must be accorded considerable weight by the Commissioner unless good cause is shown to the contrary. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir.1997). The reasons for giving little weight to the opinion of a treating physician must be supported by substantial evidence. *Marbury v. Sullivan,* 957 F.2d 837, 841 (11th Cir.1992). The Eleventh Circuit has found good cause to afford less weight to the opinion of a treating

physician "when the: (1) treating physician's opinion is not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips,* 357 F.3d at 1240-41. The ALJ must clearly articulate the reasons for rejecting the treating physician's opinion. *Id.* at 1241.

While physicians' opinions about a claimant's abilities and restrictions constitute relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-5p. Opinions such as whether a claimant is disabled, the claimant's RFC, and the application of vocational factors "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d); *see Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986). The court considers a doctor's evaluations of a plaintiff's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis*, 125 F.3d at 1440. Such statements by a physician are relevant to the ALJ's findings, but they are not determinative of the claimant's RFC. *See, e.g.*, 20 C.F.R. § 404.1546(c).

Here, Plaintiff contends the ALJ erred in his analysis of opinions from Dr. Terry Andrade and Dr. Francesca Cerimele, Plaintiff's treating physicians. The record includes a February 21, 2013 letter from Dr. Cerimele, stating in its entirety:

> This letter is to certify that Ms. Contreras is a patient of my clinic. Ms. Contreras has multiple medical conditions which include: Chronic low back pain, Degenerative disc disease, and Arthritis. Due to these chronic medical conditions, Ms. Contreras is totally and permanently unable to carry out gainful employment.

(R. 475). The opinion of Dr. Andrade appears in the form of a treatment note created during an April 17, 2012 exam. Dr. Andrade noted Plaintiff's statement that:

> The usual pain level is 9 (scale of 1-10). Qualitatively, the pain is rated as severe. Functional impairment is severe – when present it interferes with most, but not all, daily activities. Intensity of the pain does not fluctuate.

(R. 361). Plaintiff contends the ALJ misapplied the standards applicable to the opinions of treating physicians. (Doc. 10 at 13-20).

As an initial matter, neither Dr. Cerimele's letter nor Dr. Andrade's treatment note appear to constitute medical opinions that normally would be entitled to considerable weight. Indeed, Dr. Cerimele's three-sentence letter, which concludes Plaintiff is "totally and permanently unable to carry out gainful employment," falls precisely into the category of statements described by the regulations as not constituting medical opinions. 20 C.F.R. §§ 404.1527(e), 416.927(d). Next, Dr. Andrade's treatment note appears to be based on Plaintiff's description of her

9

symptoms, not an objective medical finding or evaluation. Accordingly, in addition to the fact that Dr. Cerimele's letter and Dr. Andrade's treatment note were not medical opinions, the ALJ did not err in failing to assign them controlling weight.

Moreover, to the extent Dr. Cerimele's letter qualifies as medical opinions, the ALJ clearly articulated reasons for discounting it. In particular, the ALJ's conclusion that Dr. Cerimele's opinion was inconsistent with the other evidence of the record was also proper. (R. 25); *see Phillips,* 357 F.3d at 1240-41. For example, April 17, 2012 treatment notes from Dr. Andrade's musculoskeletal examination reflect Plaintiff had normal results with full muscle strength, full grip strength, and normal deep tendon reflexes. (R. 361-63). In a follow-up visit a week later, Dr. Andrade noted that Plaintiff had normal gait, station, and tandem gait, and could return to work. (R. 366-68). Dr. Andrade concluded Plaintiff's conditions were stable and recommended home exercises and physical therapy. (R. 367-68).[2]

Likewise, treatment notes from Dr. John Roberts of Tennessee Valley Pain Consultants undermine Dr. Cerimele's opinion. Dr. Roberts's records regarding Plaintiff's visits in August 2012, November 2012, and May 2013, reflect that

---

[2] Accordingly, even if Dr. Andrade's treatment note recording Plaintiff's self-reported back pain constituted a medical opinion, this opinion would be contradicted by Dr. Andrade's own treatment records.

10

Plaintiff exhibited normal gait, normal head and neck mobility and alignment, normal range of motion and strength of the arms, and a negative leg raise test—findings consistent with those of Dr. Andrade.  (R. 612, 618, 624).  Also undermining Dr. Cerimele's opinion is the opinion of Dr. Samuel D. Williams, the state agency medical consultant, which the ALJ afforded partial weight.  (R. 65-74; *see* R. 24).  Great weight may be given to state agency consultants if the evidence supports their opinions. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i); SSR 96-6p.  Dr. Williams concluded Plaintiff could perform past relevant work at the light exertional level.  (R. 72-73).

For the foregoing reasons, viewing the entire record, substantial evidence supports the ALJ's decision to give little weight to the opinion of Dr. Cerimele and the treatment note of Dr. Andrade.  *See Phillips*, 357 F.3d at 1240-41.[3]

### C.   Plaintiff's Credibility

The Plaintiff contends the ALJ erred in finding her subjective complaints of pain did not render her disabled.  (Doc. 10 at 20-22).  Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence.  *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th

---

[3] Moreover, in light of the foregoing discussion, the ALJ provided a reasonable basis for rejecting the opinions.  Accordingly, it is unnecessary to address Plaintiff's arguments that the opinions must be accepted as true.  (*See* Doc. 10 at 19).

11

Cir. 1995). To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires:"

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Dyer v. Barnhart*, 395 F.3d at 1210 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). The ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he or she articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

Here, the ALJ analyzed Plaintiff's subjective pain testimony under SSR 96-7p, the ruling in force at the time of the decision. The ALJ noted Plaintiff's medically determinable impairments, including diagnostic imaging showing: (1) "no significant abnormality to the claimant's thoracic and lumbar spine;" (2) "broad based bulging of the L4 intervertebral disc without definite evidence of herniation;" (3) "small central extradural defects [at] C3 and C4 interspaces most likely representing broad based bulging and/or early spur and/or bar formation;" and (4) "only early central spinal canal and foraminal stenosis with no evidence of other significant intraspinal pathology." (R. 23-24). However, the ALJ found the medical record did not support the level of pain and disability alleged by Plaintiff.

(R. 25). Specifically, the ALJ noted: (1) Plaintiff's improvement with conservative treatments of prescription medication and physical therapy; and (2) Dr. Andrade's characterization of her back conditions as "stable." (R. 23-24; *see* R. 17-20). These conclusions were in accord with applicable law. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv); *Harwell v. Heckler,* 735 F.2d 1292, 1293 (11th Cir. 1984); *see also Stout v. Shalala,* 988 F.2d 853, 855 (8th Cir. 1993) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling").

The ALJ also found that Plaintiff's asthma-related complaints were undermined by a lack of treatment and her denial of a history of asthma or other respiratory conditions when examined by Dr. Andrade and Dr. Roberts. (R. 24). This conclusion, combined with the fact that the medical record reflected complaints and treatment primarily of sinusitis and bronchitis—not asthma—led the ALJ to determine that asthma did not constitute a disabling condition. (*Id.*). The ALJ also assessed Plaintiff's obesity under SSR 02-1p, finding obesity, either singularly or in combination with other impairments, did not prevent Plaintiff from performing work at the light exertional level. (*Id.*).

Here, the ALJ articulated specific, legally-acceptable reasons that the objective medical record undermined Plaintiff's subjective testimony of pain. (R. 17-25). Ultimately, Plaintiff failed to meet her burden of providing evidence to

support her allegations of disabling pain and other symptoms. Substantial evidence supports the ALJ's conclusions in this regard.[4]

### D.     Allegations of ALJ Bias

Next, Plaintiff contends ALJ Munford is generally biased against social security claimants. (Doc. 10 at 22-29). As grounds, Plaintiff cites a number of cases in which ALJ Munford's decisions have been reversed—often accompanied by harsh rebukes—by other courts sitting in this district. Additionally, Plaintiff contends the instant decision is the product of bias due to: (1) the ALJ's failure to apply the Grids to find Plaintiff disabled; (2) the ALJ's disregard of Dr. Andrade's opinion; (3) the lack of substantial evidence supporting the ALJ's credibility determination; and (4) the lack of substantial evidence supporting the ALJ's decision. (Doc. 10 at 29).

ALJ's are presumed to be unbiased. *Schweiker v. McClure,* 456 U.S. 188, 195-96 (1982); *Withrow v. Larkin,* 421 U.S. 35, 47 (1975). "The burden of establishing a disqualifying interest rests on the party making the assertion." *Id.* at 196. Here, Plaintiff has not met her burden of showing bias by the ALJ. First, the cases in which ALJ Mumford has been reversed shed no light on whether the instant decision is supported by substantial evidence or is in accord with applicable

---

[4] Moreover, in light of the foregoing discussion, the ALJ provided a reasonable basis for rejecting the opinions. Accordingly, it is unnecessary to address Plaintiff's arguments that the opinions must be accepted as true. (*See* Doc. 10 at 20).

law.  Moreover, the specific reasons Plaintiff offers to show bias are without merit, as discussed in this opinion.  Accordingly, Plaintiff has failed to satisfy her burden of establishing ALJ bias in this case.

### E.    Substantial Evidence

Plaintiff contends the ALJ's decision is not supported by substantial evidence.  By way of brief argument, Plaintiff cites the ALJ's: (1) failure to apply Grid Rule 202.09 to find Plaintiff disabled; (2) failure to assess the weight given to the opinions of Dr. Andrade and Dr. Cerimele; and (3) "history of substituting his opinion for the opinions of treating physicians."  (Doc. 10 at 29).  The first two grounds have been addressed in this opinion and are without merit.  The same is true regarding the third ground to the extent Plaintiff contends the ALJ improperly discounted the opinions of Dr. Andrade and Dr. Cerimele.  To the extent Plaintiff contends the ALJ "denied benefits based on speculation and without substantial evidence," she offers no argument to support this theory; additionally, the undersigned cannot discern any such deficiency in the ALJ's decision.  (*Id.*).  Accordingly, for all of the foregoing reasons, the ALJ's decision is supported by substantial evidence.

### F.    Motion to Remand

Finally, as noted above, Plaintiff has filed a motion to remand (Doc. 17).  The motion argues the ALJ's decision "failed to assess the intensity and persistence

of [her] symptoms pursuant to Social Security Ruling 16-3p," which went into effect on March 28, 2016, and which Plaintiff contends applies retroactively. (Doc. 17 at 1). Accordingly, the plaintiff seeks remand for further consideration pursuant to SSR 16-3p. (*See generally* Doc. 17).

SSR 16-3p provides the Social Security Administration will "no longer assess the 'credibility' of an applicant's statements, but would instead focus on the 'intensity and persistence of the applicant's symptoms.'" *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (citing 81 Fed. Reg. 14166, 14167) (alterations incorporated). Plaintiff does not cite any binding authority to support her contention that SSR 16-3p applies retroactively. Instead, she cites *Cole*, a Seventh Circuit case which does not address retroactivity, and *Mendenhall v. Colvin*, No. 14-3389, 2016 WL 4250214 at *10 (C.D. Ill. Aug. 9, 2016), a non-binding opinion from an extra-circuit district court which found that retroactive application was "appropriate."

As other courts sitting in this district have done when presented with similar motions, the undersigned declines to follow *Mendenhall* here, where a retroactive application of SSR 16-3p would not affect the outcome of the Commissioner's decision. *See Huigens v. Colvin*, No. 16 -0600-AKK, 2017 WL 588606, at *3 (N.D. Ala. Feb. 14, 2017); *Hargress v. Berryhill*, No. 16-1079-CLS, 2017 WL 588608, at *2–3 (N.D. Ala. Feb. 14, 2017); *Wilson v. Berryhill*, No. 15-1311-KOB,

2017 WL 769897, at *9 (N.D. Ala. Feb. 28, 2017); *Ring v. Berryhill*, No. 16-0042-VEH, 2017 WL 992174, at *11–13 (N.D. Ala. Mar. 15, 2017).  Here, as in the foregoing cases, even if SSR 16-3p applies retroactively, the ALJ's decision shows that he, in reviewing the allegations, medical records, treatment notes, and activities of daily living, evaluated Plaintiff's symptoms and not her overall credibility.  *See Ring*, 2017 WL 992174, at *13 ("Whether before or after SSR 16-3p, an ALJ may choose to discredit a claimant's testimony about his or her symptoms.  In doing so, the ALJ considers the claimant's history, the medical signs and laboratory findings, the claimant's statements, statements by treating and non-treating physicians, and other evidence '*showing how the claimant's impairment(s) and any related symptoms affect his or her]ability to work.*'") (citing 20 C.F.R. § 404.1529(a)) (emphasis and alterations incorporated).

For all of the foregoing reasons, remand is not appropriate here, and Plaintiff's motion to remand (Doc. 17) will be denied.

## IV.  CONCLUSION

Upon review of the administrative record, and considering all of Plaintiff's arguments, the undersigned finds the Commissioner's decision is supported by substantial evidence and is in accord with applicable law.  Accordingly, the Commissioner's decision is due to be affirmed.

A separate order will be entered.

**DONE** this 31st day of March, 2017.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE